LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 N. CENTRAL AVENUE, SUITE 1600
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 271-7700
FACSIMILE: (602) 258-7785
Sarah L. Barnes /Bar No. 020362
Eric C. Bevans/Bar No. 034868
E-mail: slb@bowwlaw.com
ecb@bowwlaw.com
kel@bowwlaw.com
ns@bowwlaw.com

Attorney for Defendants Maricopa County
and Sheriff Paul Penzone

**IN THE UNITED STATES DISTICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Benjamin Fisk, an individual, | No. CV-21-01914-PHX-MTL |
| Plaintiff, | **DEFENDANTS' ANSWER** |
| v. | |
| Maricopa County, Arizona, a body politic, Maricopa County Sheriff Paul Penzone, in his official capacity, | |
| Defendants. | |

Defendants Maricopa County and Sheriff Paul Penzone (collectively "Defendants"), for their Answer to Plaintiff's Complaint, hereby admit, allege, and deny as follows:

As to Plaintiff's "Introduction," the statements contained in this section do not require an admission or a denial, but Defendants deny they violated Plaintiff's constitutional rights and deny Plaintiff is entitled to any damages or declaratory relief.

**Jurisdiction and Venue**

1. Responding to paragraphs 1-3, Defendants admit that jurisdiction and venue

are proper and that, generally, this Court has authority to grant declaratory relief. However, Defendants deny any implication that Plaintiff's constitutional rights were violated or that they are liable for any alleged violation of Plaintiff's constitutional rights and deny Plaintiff is entitled to the relief he is seeking.

## The Parties

2. Responding to paragraph 4, the allegations in this paragraph are directed at individuals or entities other than these Defendants and, therefore, no answer is required.

3. Responding to paragraph 5, Defendants admit that Maricopa County is a political subdivision of the State of Arizona with the capacity to sue and be sued. Defendants further admit that Maricopa County is responsible for the oversight of the Maricopa County Sheriff's Office ("MCSO"), including compliance with State and Federal laws. Defendants deny the remaining express and implied allegations contained in this paragraph.

4. Responding to paragraph 6, Defendants admit that Defendant Penzone is the Maricopa County Sheriff and is responsible for the operation of MCSO. Defendants deny the remaining express and implied allegations contained in this paragraph.

## General Allegations

5. Responding to paragraphs 7-8, Defendants admit the allegations contained therein.

6. Responding to paragraphs 9-12, Defendants are without sufficient information to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

7. Responding to paragraph 13, Defendants admit the allegations contained therein.

## Free Speech Violations

8. Responding to paragraph 14, Defendants admit the allegations contained

therein.

9. Responding to paragraph 15, Defendants admit that Policy CP-2 was amended, effective July 30, 2020. Defendants affirmatively assert that Maricopa County Sheriff Office Policies are publicly available and speak for themselves. Defendants further deny any implication that Plaintiff's constitutional rights were violated or that they liable for any alleged violation of Plaintiff's constitutional rights.

10. Responding to paragraph 16, Defendants aver that Maricopa County Sheriff Office Policies are publicly available and speak for themselves, including Policy CP-2, as amended, effective July 30, 2020.

11. Responding to paragraph 17, Defendants admit only that Plaintiff's request was denied. Defendants further deny the remaining express allegations and any implication that Plaintiff's constitutional rights were violated or that they are liable for any alleged violation of Plaintiff's constitutional rights.

12. Responding to paragraph 18, Defendants admit that pursuant to Policy CP-2, there are acceptable solicitations that are permitted. Defendants affirmatively assert that Maricopa County Sheriff Office Policies are publicly available and speak for themselves. Defendants further deny any implication that Plaintiff's constitutional rights were violated or that they are liable for any alleged violation of Plaintiff's constitutional rights.

13. Responding to paragraph 19, Defendants are without sufficient information to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

14. Responding to paragraphs 20-21, Defendants admit only that they are aware that Plaintiff provided interviews. Defendants are without sufficient information to either admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

15. Responding to paragraph 22, Defendants admit that Plaintiff was placed on

administrative leave and under investigation. Defendants deny any implication that Plaintiff's constitutional rights were violated or that they are liable for any alleged violation of Plaintiff's constitutional rights.

16. Responding to paragraphs 23-24, Defendants admit that there were several internal investigations initiated into Plaintiff's conduct and affirmatively assert that the notices regarding those investigations speak for themselves. Defendants deny any implication that Plaintiff's constitutional rights were violated or that they are liable for any alleged violation of Plaintiff's constitutional rights.

17. Responding to paragraphs 25-26, Defendants are currently without sufficient information to either admit or deny the allegations contained in these paragraphs and, therefore, deny the same. Defendants will supplement as additional information is obtained.

18. Responding to paragraphs 27-28, Defendants admit only that Plaintiff was on administrative leave until November 27, 2020, but they deny any implication that Plaintiff's constitutional rights were violated or that they are liable for any alleged violation of Plaintiff's constitutional rights.

19. Responding to paragraphs 29-30, Defendants admit the allegations contained therein as to the documentation of Plaintiff's work performance and performance appraisals prior to 2020. Defendants deny though any implication that Plaintiff's constitutional rights were violated or that they are liable for any alleged violation of Plaintiff's constitutional rights.

20. Responding to paragraphs 31-34, Defendants are currently without sufficient information to either admit or deny the allegations contained in these paragraphs and, therefore, deny the same. Defendants will supplement as additional information is obtained.

21. Responding to paragraph 35, Defendants admit the allegations contained

therein.

22. Responding to paragraphs 36-37, Defendants are currently without sufficient information to either admit or deny the allegations contained therein and, therefore, deny the same. Defendants will supplement as additional information is obtained.

23. Responding to paragraph 38, Defendants admit that they received a demand letter, dated August 20, 2021, from Plaintiff's counsel, which speaks for itself. Defendants deny any implication that Plaintiff's constitutional rights were violated or that they are liable for any alleged violation of Plaintiff's constitutional rights.

24. Responding to paragraphs 39-41, Defendants are currently without sufficient information to either admit or deny the allegations contained therein and, therefore, deny the same. Defendants will supplement as additional information is obtained.

25. Responding to paragraph 42, Defendants deny the allegation that they are pursuing retaliatory investigations against Plaintiff. Defendants are currently without sufficient information to either admit or deny the remaining allegations contained therein and, therefore, deny the same. Defendants will supplement as additional information is obtained.

**Count 1**
**First Amendment Freedom of Speech Violation, 42 U.S.C. § 1983**

26. Defendants hereby incorporate by reference the responses set forth above as though fully set forth herein.

27. Responding to paragraphs 44-46, these paragraphs contain statements of the law, requiring neither an admission nor a denial.

28. Responding to paragraph 47, Defendants admit that Plaintiff submitted a request to distribute information about the MCLEA.

29. Responding to paragraph 48, Defendants admit that pursuant to Policy CP-2, there are acceptable solicitations that are permitted. Defendants affirmatively assert that

Maricopa County Sheriff Office Policies are publicly available and speak for themselves. Defendants further deny any implication that Plaintiff's constitutional rights were violated or that they are liable for any alleged violation of Plaintiff's constitutional rights.

30. Responding to paragraph 49, Defendants admit that Policy CP-2 was amended, effective July 30, 2020. Defendants deny the remaining allegations contained in this paragraph.

31. Responding to paragraphs 50-54, Defendants deny the allegations contained therein.

32. Responding to paragraph 55, this paragraph reiterates the relief Plaintiff seeks and requires neither an admission nor a denial. Defendants deny Plaintiff is entitled to any relief he seeks.

**Count 2**
**First Amendment Freedom of Association**

33. Defendants hereby incorporate by reference the responses set forth above as though fully set forth herein.

34. Responding to paragraphs 57-59, these paragraphs contain statements of the law, requiring neither an admission nor a denial.

35. Responding to paragraph 60, Defendants are without sufficient information to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

36. Responding to paragraphs 61-62, Defendants deny the allegations contained therein.

37. Responding to paragraph 63, this paragraph reiterates the relief Plaintiff seeks and requires neither an admission nor a denial. Defendants deny Plaintiff is entitled to any relief he seeks.

/ /

# Count 3
## First Amendment Freedom of Speech Retaliation, 42 U.S.C. § 1983

38. Defendants hereby incorporate by reference the responses set forth above as though fully set forth herein.

39. Responding to paragraph 65, Defendants are without sufficient information to either admit or deny the allegations contained in this paragraph and, therefore, deny the same.

40. Responding to paragraphs 66-67, Defendants deny the allegations contained therein.

41. Responding to paragraph 68, these paragraphs contain statements of the law, requiring neither an admission nor a denial.

42. Responding to paragraphs 69-75, Defendants deny the allegations contained therein.

43. Responding to paragraphs 76-77, these paragraphs reiterate the relief Plaintiff seeks and requires neither an admission nor a denial. Defendants deny Plaintiff is entitled to any relief he seeks.

## **AFFIRMATIVE DEFENSES**

1) Defendants deny Plaintiff has been denied any right protected by the United States Constitution, the United States Code, or any state constitutions or laws.

2) Plaintiff fails to state a claim upon which relief may be granted.

3) Defendants allege they were and are acting under legal process, with good, sufficient, and probable cause to be so acting, and his actions are in good faith and without malice.

4) Defendants allege any actions by them furthered or furthers a legitimate interest of Maricopa County and/or MCSO, thereby warranting dismissal of Plaintiff's claims.

5) Defendants plead the affirmative defense of failure to mitigate damages.

6) Defendants affirmatively assert they are not liable for the actions, policies, and procedures of any other Defendant and/or any non-party at fault.

7) The injuries and damages alleged in the Complaint, if any, were proximately caused by the acts or the omissions of Plaintiff, or third persons or entities and/or other non-parties at fault for which Defendants are not liable.

8) In order to avoid waiver, Defendants assert the following defenses should discovery reveal these defenses are appropriate, specifically, the affirmative defenses set forth in Rule 8(c), F.R.C.P. and Rule 12.

9) Plaintiff's claims are barred by the statute of limitations.

10) Defendants reserve their right to amend their affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for the same.

## JURY DEMAND

11) Defendants demand a trial by jury of all triable issues.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants pray for judgment against Plaintiff as follows:

1. Dismissing the Complaint, with prejudice; and,
2. Awarding Defendants such other and further relief as the Court deems just and reasonable under the circumstances.

/ /
/ /
/ /
/ /
/ /
/ /

RESPECTFULLY SUBMITTED this 21st day of December, 2021.

BROENING OBERG WOODS & WILSON, P.C.

By: /s/ *Eric C. Bevans*
    Sarah L. Barnes
    Eric C. Bevans
    2800 North Central Avenue, Suite 1600
    Phoenix, Arizona  85004
    *Attorneys for Defendants Maricopa County and Sheriff Paul Penzone*

CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with copies submitted electronically to the following recipients:

James E. Barton, II
Jacqueline Mendez Soto
BARTON MENDEZ SOTO PLLC
401 W. Baseline Road, Suite 205
Tempe, AZ  85283
*Counsel for Plaintiffs*

/s/ *Nicole J. Smith*
_____