**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Fisk, | No. CV-21-01914-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 124, "Mot.") seeking $106,277.50 in fees and $795.85 in costs. Defendants object to several of Plaintiff's requests and have asked the Court to enter a fee award no greater than $10,000. (Doc. 125). For the reasons that follow, the Court will award Plaintiff a reduced amount of $88,545 in fees and $283.35 in costs.

## BACKGROUND

Plaintiff filed this suit on November 12, 2021, seeking relief for claims of First Amendment Freedom of Speech, First Amendment Freedom of Association, and First Amendment Retaliation against Defendants. (Doc. 1). On February 23, 2024, the Court granted Defendants' Motion for Summary Judgment in part against Plaintiff's claims for violations of his First Amendment Freedom of Speech and First Amendment Freedom of Association. (Doc. 101). On July 11, 2024, Plaintiff accepted an offer of judgment from Defendants which reads as follows:

> Pursuant to Federal Rule of Civil Procedure 68, Defendants allow Plaintiff Benjamin Fisk to take judgment against them in the total amount of Two Thousand

Dollars and No Cents ($2,000.00), plus the reasonable attorneys' fees and taxable costs incurred to date. The amount of the reasonable fees and costs shall be determined by the Court following a full briefing on the reasonableness of such fee and cost application.

…

The offer of judgment does not constitute an admission of liability or wrongdoing by Defendants in this action or any other, or an admission that Plaintiff suffered any legally cognizable injury.

(Doc. 119).

On August 5, 2024, Plaintiff filed the instant Motion. (Mot.). Defendants responded on August 19, 2024 (Doc. 125) and Plaintiff replied on August 26, 2024. (Doc. 126).

## ATTORNEYS' FEES

### I.     Plaintiff Motion to Strike Consideration of Plaintiff's Settlement Offer

Plaintiff moves under LRCiv. 7.2(m)(2) to strike the Court's consideration of Plaintiff's settlement offer attached to Defendants' Response as evidence improperly offered to prove or disprove the validity or amount of a disputed claim under 408 FRE.

Courts in the Ninth Circuit are free to consider settlement discussions in determining an award of attorneys' fees. *See Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011). Plaintiff's motion to strike will thus be denied.

### II.     Entitlement and Eligibility to Fees

Plaintiff requests $106,277.50 in attorneys' fees and $795.85 in non-taxable costs pursuant to the offer of judgment and Fed. R. Civ. P. 68. The Court finds Plaintiff is eligible for, and entitled to attorneys' fees.

### III.     Reasonableness of Requested Award

### A. Requested Reduction

Defendants have requested the Court use its discretion to enter a fee award no greater than $10,000 because two counts of Plaintiff's Complaint were dismissed and the settlement amount of $2,000 is significantly less than what Plaintiff sought to obtain at trial. Plaintiff argues the Court should apply principles of contract rather than § 1988 when considering a fees award under a Rule 68 offer of judgment and contends Defendants were

aware of the amount of Plaintiff's fees by disclosure statements and could have limited Plaintiff's fees in their offer.

Rule 68 offers of judgment are to be interpreted under principles governing contract construction rather than those governing § 1988 awards and "any ambiguities are construed against the drafter." *Miller v. City of Portland*, 868 F.3d 846 (9th Cir. 2017) (quoting *Erdman v. Cochise Cty.*, 926 F.2d 877, 880 (9th Cir. 1991)). In particular, if a Rule 68 offer includes attorneys' fees, the Ninth Circuit has stated the language waiving or limiting attorneys' fees and costs "must be clear and unambiguous." *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997); *Erdman v. Cochise County, Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991); *see also Marek v. Chesny*, 473 U.S. 1, 6 (1985).

The fee portion of the Rule 68 offer reads, "plus the reasonable attorneys' fees and taxable costs incurred to date. The amount of the reasonable fees and costs shall be determined by the Court following a full briefing on the reasonableness of such fee and cost application." (Doc. 119).

The Court finds the plain language does not warrant substantial cuts to Plaintiff's fee request. This is particularly so because Defendants were aware of Plaintiff's incurred fees before making their Rule 68 offer, made no effort to provide any limiting language, and the fee provision states Plaintiff is entitled to "reasonable" fees. Thus, while the Court will review the reasonableness of Plaintiff's requested fees, the Court declines Defendants' request to drastically reduce Plaintiff's fee award.

**B. Lodestar Method**

Courts "employ the 'lodestar' method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). Courts calculate the lodestar figure by "multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.*

After calculating the lodestar figure, a Court may reduce or increase the award based on a variety of factors. Those factors include: (1) the time and labor required, (2) the

novelty and difficulty of the legal questions involved, (3) the skill required to perform the legal service properly, (4) other employment precluded due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) ("*Kerr* factors").[1] The lodestar calculation normally subsumes some of these factors such that the Court need not consider them again after determining the lodestar. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013) (identifying factors often considered when calculating lodestar).

### C. Hourly Rates

The first question is whether Plaintiff's asserted rate is reasonable. "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, No. 19-00180, 2022 WL 16715613 at *3 (D. Ariz. Nov. 4, 2022) (citing *Kelly*, 822 F.3d at 1099). And "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff's Counsel, Jaqueline Mendez Soto and James E Barton are partners of Barton Mendez Soto PLLC and both have practiced labor and employment law for approximately 12 years. (Doc. 124-4 at ¶ 4-6). Plaintiff asserts a $350 per hour billing rate for both attorneys, supported by Ms. Soto's affidavit and cited cases that have found a similar billing rate for employment legal services. *Id.*; *Verduzco v. Value Dental Centers Mesa West AZ LLC*, CV-20-02380-PHX-DJH, 2022 WL 2718163 *2 (D. Ariz. July 12,

---

[1] LRCiv. 54.2 also lists factors the Court must address when determining the reasonableness of the requested award. These factors are largely duplicative of the *Kerr* factors.

- 4 -

2022) (finding $350 in a wage claim lawsuit reasonable); *Wash. v. Freedom of Expression LLC*, CV-21-01318-PHX-MTL 2022 WL 5024276 (D. Ariz. Oct. 4, 2022) (gathering employment cases finding reasonable hourly rates in the amounts of $475, $460, and $378.75). Plaintiff also asserts an hourly rate of $250 for associate Daniella Fernandez Lertzman and $125 for paralegal Rosa Torres.

The prevailing rates for employment cases in the District of Arizona and Counsel's experience support their requested hourly rates. Thus, the Court finds the $350 hourly attorney rate, $250 associate rate, and the $125 paralegal rate to be reasonable.

### D. Hours Expended

Under the lodestar method, the prevailing party is generally entitled to recover fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). Courts may "exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (internal quotations omitted); s*ee also McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary.").

Unreasonable hours may be excluded in one of two ways. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). First, courts may exclude unreasonable hours after "conduct[ing] an hour-by-hour analysis of the fee request[.]'" *Id.* (internal quotation marks omitted). Second, courts "faced with a massive fee application" may "make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of excluding non-compensable hours from a fee application." *Id.* (internal quotation marks and brackets omitted); *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough

justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). When a district court excludes hours, it must explain how it came up with the amount of an attorneys' fees award. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The explanation need not be elaborate, but it must be comprehensible ... Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected.") (citations omitted).

Plaintiff has submitted an itemized task list of time and work Plaintiff's counsel expended on this case. (Doc. 124-3). Defendants have objected to many of Plaintiff's entries on this list. Having carefully considered the time and labor reasonably required for each task in Plaintiff's itemized statement and Defendants' objections, the Court finds not all hours expended by Plaintiff are reasonable. Accordingly, the Court will decrease the lodestar amount by reducing the number of hours the Court deems unreasonable. The reduction of the lodestar amount is supported by consideration of the relevant *Kerr* factors discussed below.

**a. Clerical or Administrative Tasks**

Parties may not recover fees for tasks performed by attorneys and paralegals which are clerical or administrative in nature. *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019); *see Neil v. Comm'r of Soc. Sec.*, 495 Fed.Appx. 845, 847 (9th Cir. 2012) (holding that "the district court did not abuse its discretion in declining to award [ ] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons"); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and document organization "should have been subsumed in firm overhead rather than billed at paralegal rates"); *see also Pearson v. Nat'l Credit Sys., Inc.*, No. 2: CV-10-0526-PHX-MHM, 2010 WL 5146805, at *3 (D. Ariz. Dec. 13. 2010) ("[T]asks which are clerical in nature are not recoverable.").

Non-compensable clerical or administrative tasks include, but are not limited to: (1)

reviewing Court-generated notices; (2) scheduling dates and deadlines; (3) calendaring dates and deadlines; (4) notifying a client of dates and deadlines; (5) preparing documents for filing with the Court; (6) filing documents with the Court; (7) informing a client that a document has been filed; (8) personally delivering documents; (9) bates stamping and other labeling of documents; (10) maintaining and pulling files; (11) copying, printing, and scanning documents; receiving, downloading, and emailing documents; and (12) communicating with Court staff. *Rodriguez v. Pride Dealer Services*, 2024 WL 4290725 (D. Ariz. 2024) (internal citations omitted).

Here, counsel seeks compensation for 28.2 hours of clerical tasks and clerical tasks block billed with other services[2] and 4.1 hours of clerical expenses.[3]

Counsel may not recover for these tasks because they "should have been subsumed in firm overhead." *Nadarajah*, 569 F.3d at 921. Thus, the Court will reduce the number of fee hours expended by 28.2 hours and $8122.50[4] and reduce expense hours by 4.1 hours and $512.50[5] to account for non-compensable clerical and administrative tasks.

### b. Tasks Not Adequately Described

Defendants allege 73.7 hours of Plaintiff's alleged tasks are inadequately described under LRCiv 54.2(e). These tasks largely consist of work drafting motions and researching

---

[2] 10/1/21 (1.0 prepare and label documents); 12/21/21 (0.2 review documents and update file); 1/25/22 (0.1 transmit document); 2/14/22 (0.6 calendaring); 3/18/22 (1.0 serve documents); 9/25/22 (2.8 index documents); 10/26/22 (0.4 transmit documents); 12/5/22 (2.5 prepare shells for discovery responses); 12/11/22 (2.1 index documents); 12/26/22 (0.8 review deadlines, update file); 1/18/23 (0.3 review email and update file); 3/9/23 (0.5 organize documents); 7/20/23 (1.0 save exhibits); 7/24/23 (2.0 cross-check exhibits); 7/24/23 (1.0 organize exhibits); 7/27/23 (0.1 calendaring); 1/9/24 (0.1 calendaring); 1/10/24 (1.6 create chart); 1/18/24 (2.9 create chart); 1/24/24 (0.5 edit chart); 1/25/24 (0.9 create chart); 1/26/24 (2.2 work on chart); 3/4/24 (0.5 index documents); 3/5/24 (1.5 index documents); 5/6/24 (0.2 prepare shell); 5/22/24 (0.7 find document); 5/22/24 (0.3 send document); 6/11/24 (0.2 calendaring); 6/25/24 (0.2 send document).

[3] 6/9/23 (2.0 prepare exhibits); 6/12/23 (1.0 deliver documents); 7/24/23 (0.2 convert exhibit); 5/17/24 (0.3 copy, save, file document); 5/29/24 (0.5 format document); 6/28/24 (0.1 file document).

[4] $(1.0 * 350) + (0.2 * 350) + (0.1 * 350) + (0.6 * 350) + (1.0 * 350) + (2.8 * 350) + (0.4 * 350) + (2.5 * 250) + (2.1 * 350) + (0.8 * 350) + (0.3 * 350) + (0.5 * 350) + (1.0 * 350) + (2.0 * 350) + (350 * 0.1) + (350 * 0.1) + (1.6 * 250) + (2.9 * 250) + (0.5 * 250) + (0.9 * 250) + (2.2 * 250) + (0.5 * 250) + (1.5 * 250) + (0.2 * 350) + (0.7 * 250) + (0.3 * 125) + (0.2 * 350) + (0.2 * 350) = \$8122.50$

[5] $(2.0 * 125) + (1.0 * 125) + (0.2 * 125) + (0.3 * 125) + (0.5 * 125) + (0.1 * 125) = \$512.50$

cases. Having closely reviewed the Defendants' objected entries, the Court finds none of these entries are inadequately described under LRCiv 54.2(e). The Court thus declines to exclude the hours of these entries.

### c. Unreasonable Rates

Defendants also allege several tasks are billed at unreasonable rates. Defendants object to time entries from unidentified attorney Alexandra Subaitis and paralegal Rosa Torres. Plaintiff seeks reimbursement for 2.8 hours of tasks performed by Alexandra Subaitis on 2/7/22 and the entry on 6/25/24 incorrectly identifies Rosa Torres's billing rate as $350. The Court will deduct 3.0 hours and $1050.00[6] for these entries.

Defendants also object to Plaintiff seeking reimbursement for 4.2 hours of attorney time in drafting and revising responses to requests for admission in which Plaintiff ultimately provided only identical objections. As requested by Defendants, the Court will deduct 3.2 of the 4.2 hours and $1120.00[7] for these entries.

### d. Duplicative and Unnecessary Tasks

Defendants object to several tasks as duplicative including: (1) 4.3 hours of multiple attorneys reviewing Defendants' response to Plaintiff's first set of discovery responses, (2) 0.7 hours of reviewing the Court's summary judgment ruling, (3) 2.5 hours of researching whether to pursue a special action, and (4) 10.3 hours incurred in trial preparation. The Court agrees with Defendants and will deduct 17.8 hours and $5290.00[8] for these entries.

### e. Fees Related to Counts I and II

Defendants request the Court reduce hours distinctly related to Counts I and II of this matter, which were dismissed following Plaintiff's denied and Defendants' granted cross motions for summary judgment. This includes 33.7 hours of depositions related to Defendants who were only named as part of Counts I and II and 48.9 hours incurred on the summary judgment motions. The Court finds such reductions would be inconsistent with the terms of the Rule 68 offer of judgment and declines to make such cuts here.

---

[6] $(2.8 * 350) + (0.2 * 350) = \$1050.00$
[7] $(3.2 * 350) = \$1120.00$
[8] $(4.3 * 350) + (0.7 * 350) + (2.5 * 350) + (9.4 * 250) + (0.9 * 350) = \$5290.00$

### f. Stipulated Reductions

Plaintiff does not object to Defendants' requested reduction for associate Daniella Fernandez Lertzman's attendance at depositions and mediation on 2/21/23, 4/27/23, 5/4/23, and 7/28/23, totaling 8.6 hours and a sum of $2,150.00.

### g. *Kerr* Factors

In sum, the Court will reduce Plaintiff's attorneys' fees by 60.8 hours and an amount of $17,732.50[9] and costs by 4.1 hours and an amount of $512.50. This leaves a total of $88,545.00 in attorneys' fees and $283.35 in costs. The reduction of the lodestar amount is supported by consideration of the relevant Kerr factors discussed below.

#### 1. Factors (1), (2), and (3): Time, Difficulty, and Skill

The first three Kerr factors courts consider are (1) the time and labor required, (2) the novelty and difficulty of the legal questions involved, and (3) the skill required to perform the legal service properly.

The Court recognizes this case spanned over two and a half years and involved significant amounts of discovery, multiple depositions, dual motions for summary judgment, and oral argument eight months after the filing of the summary judgment motions. Accordingly, these factors support awarding Plaintiff's requested fees.

#### 2. Factor (4): Other Employment Precluded

Plaintiff states counsel stopped taking clients for several months during the litigation of this case. This factor supports awarding Plaintiff's requested fees.

#### 3. Factor (6): Fixed or Contingent Fee

Plaintiff and counsel entered a contingency fee agreement in this case awarding either any portion made specifically for attorneys' fees or a percentage of the gross recovery. (Doc. 124-2). This factor supports awarding Plaintiff's requested fees.

#### 4. Factor (8): Amount Involved and the Results Obtained

Plaintiff argues they should be considered a prevailing party under a Rule 68 offer

---

[9] $2150 + $5290 + $1120 + $1050 + $8122.50 = $17,732.50

of judgment. Defendants respond Plaintiffs settled for significantly less than they sought to obtain at trial with a judgment of $2,000 and that Counts I and II of Plaintiff's complaint was dismissed.

The Court finds the amount involved and the results obtained here support a reduction of hours. Accordingly, this factor supports a reduction of Plaintiff's fees.

### 5. Factor (10): Undesirability of the Case

Plaintiff argues discrimination cases with law-imposed restrictions on damages due to plaintiff remaining employed by the employer are particularly undesirable. While the Court agrees this factor supports Plaintiff's award of fees, the Court finds this factor does not justify an adjustment to the lodestar amount.

### 6. Factor (12): Awards in Similar Cases

Fee orders in similar cases support a reduction of hours. Plaintiff refers the Court to *Miller v. City of Portland,* 868 F.3d 846 (9th Cir. 2017) as support on this factor. While *Miller* holds Rule 68 offers of judgment in § 1983 cases should be interpreted based on contract principles rather than § 1988, the Rule 68 offer of judgment in this case states "reasonable fees and costs shall be determined by the Court." (Doc. 119).

The District of Arizona has considered several Rule 68 fee motions and few have awarded fees nearly 50 times the amount of judgment. *See Medina v. Gilbert Mega Furniture LLC*, 2019 WL 3778406 (D. Ariz. 2019) (reducing lodestar by one-third for duplicative, vague, and unnecessary billing entries when Plaintiff sought to recover attorneys' fees roughly thirteen times the amount recovered in settlements). While the Court acknowledges the circumstances of this case have caused Plaintiff to incur a greater number of hours than other cases considered by the District of Arizona, this factor supports a reduction of Plaintiff's fees.

### 7. Remaining Applicable *Kerr* Factors

Despite a "strong assumption that the 'lodestar' method represents a reasonable fee," *Corrales-Gonzalez v. Speed Auto Wholesalers LLC*, 2023 WL 3981139, at *7 (D. Ariz. June 13, 2023), the Court "has discretion to adjust the lodestar upward or downward"

based on the *Kerr* factors not subsumed in the lodestar calculation, *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016). Courts must assess these factors and must articulate "with sufficient clarity the manner in which it makes its determination." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014). The above lodestar analysis subsumes many of the *Kerr* factors. The Court considers the remaining applicable factors here and finds no additional factors justify modifying the lodestar figure.

## IV.   Conclusion

The Court finds most of Plaintiff's requested fees to be consistent with the terms of the Rule 68 offer of judgment. However, after careful consideration of Plaintiff's timesheet and Defendants' objections, not all hours are reasonably incurred, and modest reductions of the lodestar are supported by consideration of the *Kerr* factors. Thus, the Court will award a reduced amount of $88,545.00 in attorneys' fees and $283.35 in costs.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion to Strike the Court's consideration of Plaintiff's settlement offer attached to Defendants' Response is **DENIED.**

**IT IS ORDERED** Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 124) is **GRANTED IN PART** and **DENIED IN PART.** The Court will award Plaintiff $88,545.00 in attorneys' fees and $283.35 in costs.

Dated this 6th day of January, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge